UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
S.C., J.C., and A.C., Minors by   )   Case No. 2:10-CV-02091 JAM-EFB
their Guardians ad Litems, RAMON  )
CRAWFORD and LATANYA MARTINEZ,    )
RAMON CRAWFORD and LATANYA        )
MARTINEZ                          )
                                  )   ORDER GRANTING DEFENDANTS'
                Plaintiffs,       )   MOTION TO DISMISS
                                  )
     v.                           )
                                  )
COUNTY OF SOLANO, COUNTY OF       )
SOLANO CHILD PROTECTIVE           )
SERVICES, JOSEPHINE DAVIS,        )
MARJORIE MIZEL, and DOES 1        )
through 40, inclusive,            )
                                  )
                Defendants.       )
_____)
```

This matter comes before the Court on Defendants' County of Solano ("County"), County of Solano Child Protective Services ("CPS"), Josephine Davis ("Davis"), and Marjorie Mizel ("Mizel"),(collectively, "Defendants") Motion to Dismiss (Doc. 23). Defendants ask the Court to dismiss the First Amended Complaint (Doc. 6) filed by Plaintiffs S.C., J.C., and A.C., minors by their guardians ad Litems, Ramon Crawford and Latanya Martinez, and their parents Ramon Crawford ("Crawford"), and Latanya Martinez

1

("Martinez"), (collectively, "Plaintiffs"). Plaintiffs oppose the motion.[1]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about May 17, 2008, Crawford took minor S.C. to NorthBay Medical Center. S.C. was diagnosed with a urinary tract infection; as part of the examination, a routine urinalysis was performed. On approximately May 22, 2008, NorthBay Medical Center called Defendants and their agents and employees and informed them that semen appeared in S.C.'s urinalysis.

Plaintiffs allege that on May 22, 2008, Defendants removed, interviewed, and examined S.C., J.C., and A.C. without their parents' knowledge, consent, or presence; furthermore Defendants lacked proper authorization, reasonable cause, exigency, or a warrant. Plaintiffs allege that the medical examinations of the minors did not confirm any sexual abuse. Plaintiffs also allege that Defendants accused Crawford of sexual abuse and Martinez of complying with the sexual abuse. Defendants allegedly told Crawford and Martinez that they would lose custody of their children.

Plaintiffs allege that on or about June 4, 2008, NorthBay Medical Center called CPS and told them that the original urine specimen had been contaminated and that there was no semen in S.C.'s urine. Nonetheless, CPS did not allow Crawford to see his children. On June 9, 2008, the NorthBay Medical Center called Plaintiffs to inform them that there had been a contaminated

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 17, 2010.

2

specimen.

On May 8, 2009, Plaintiffs filed a Complaint for Damages in Solano County Superior Court.  In the Complaint, Plaintiffs sued NorthBay, a NorthBay physician, and County.  County was specifically sued for defamation of Crawford and Martinez and false imprisonment of the Crawford children based on the actions of County agents and employees.  Plaintiffs also incorporated by reference their government tort claim against the County of Solano. The tort claim alleged that Crawford and Martinez suffered severe and disabling emotional injuries as a result of being deprived of their children, as well as the children being deprived of their parents.

On November 19, 2009, County filed a Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16 ("anti-SLAPP motion").  In the Motion, County moved to strike Plaintiffs' First Amended Complaint on the grounds that the statements allegedly made by County employees were protected activity made in connection with an official proceeding, involved a matter of public interest, and constituted a protected activity.  The County also moved to strike on the grounds that Plaintiffs were unlikely to succeed on their claims for defamation and false imprisonment of the Crawford children.

On January 26, 2010, the Solano County Superior Court issued a tentative ruling regarding Defendants' anti-SLAPP motion.  In its tentative ruling, the Court granted the anti-SLAPP motion and struck all of Plaintiffs' claims, concluding that Plaintiffs failed to establish a probability of prevailing on their defamation and false imprisonment claims because they did not submit sufficient

evidence to rebut the grounds upon which the County's motion was based. The Superior Court entered judgment in the County's favor on March 3, 2010. Plaintiffs did not appeal the judgment.

On May 20, 2010, Plaintiffs filed a Complaint against Defendants in the United States District Court for the Northern District of California. On June 1, 2010, Plaintiffs filed their First Amended Complaint and on July 23, 2010, the parties stipulated to transfer the case to the Eastern District of California.

Plaintiffs bring this action under 42 U.S.C. § 1983 alleging assault, battery, false imprisonment, wrongful seizure, violation of civil rights, Monell related claims, intentional infliction of emotional distress, and violations of California Civil Code §§ 43, 51.7, 52, and 52.1.

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure § 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss,

a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure § 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

    2.   Section 1983

Plaintiffs' claims against Defendants are brought under 42 U.S.C. § 1983. To prevail in a § 1983 civil action against state actors for the deprivation of rights, privileges, or immunities secured by the Constitution and laws, a plaintiff must show that

> (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States.

Thornton v. City of St. Helens, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (internal citations omitted).

    B.   Claims for Relief

Defendants argue that all of Plaintiffs' claims are barred by the doctrine of res judicata; alternatively, all of Plaintiffs' claims are barred by the doctrine of collateral estoppel; Davis and

Mizel are entitled to qualified immunity with respect to Plaintiffs' federal claims, and Plaintiffs' Eighth Claim regarding a violation of State Civil Rights (California Civil Code § 43) should be dismissed because Plaintiffs are not part of the class protected by California Civil Code §§ 51.7 and 52.

### 1. Doctrine of Res Judicata

Defendants argue that Plaintiffs' claims are barred by res judicata because Plaintiffs' federal lawsuit involves exactly the same parties and is premised on precisely the same set of facts and circumstances as the state court action. Plaintiffs argue that res judicata does not bar this action because the state court decision was not based on the merits of the case.

Federal courts are required to give full faith and credit to state court judgments under 28 U.S.C. § 1738. See San Remo Hotel, L.P. v. City & County of San Francisco, 545 U.S. 323 (2005). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). To determine the preclusive effect of a state court judgment, federal courts look to state law. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). California's res judicata doctrine is based on a primary rights theory. The California Supreme Court explained that the primary rights theory

> provides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.

1 | Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 904 (Cal. 2002)
2 | (citations omitted).  A party may bring only one cause of action to
3 | vindicate a primary right.  Id. at 897.  Claims not raised in this
4 | single cause of action may not be raised at a later date.  Id.
5 | Here, Plaintiffs could have, but did not, bring every claim in
6 | this action at the time that they brought their prior state court
7 | case.  Plaintiffs' state court action and Plaintiffs' claims in
8 | this case involve exactly the same parties and are premised on
9 | precisely the same set of facts and circumstances as the state
10 | court action.  Both actions refer to and are premised on the facts
11 | included in the government tort claim filed in state court:  S.C.
12 | was subjected to a urinalysis and thereafter the children were
13 | removed from their parents' custody by the County and its agents.
14 | The fact that the federal action alleges different claims for
15 | relief than the state action does not overcome the strictures of
16 | res judicata because "[d]ifferent theories of recovery are not
17 | separate primary rights." Manufactured Home Communities Inc. v.
18 | City of San Jose, 420 F.3d 1022, 1031-32 (9th Cir. 2005).
19 | Plaintiffs do not contest that the federal action involves the
20 | same parties and same primary rights, but instead argue that the
21 | Superior Court did not rule on the merits.  Without any legal
22 | support, Plaintiffs argue that the Superior Court's finding that
23 | Plaintiffs failed to establish a probability of prevailing on the
24 | defamation and false imprisonment claims is a far cry from full
25 | adjudication on the merits.
26 | Pursuant to California law, in order to rule on the County's
27 | prior anti-SLAPP motion, the anti-SLAPP statute requires that the
28 | Superior Court consider the substantive merits of Plaintiffs' case.

Specifically, California Code of Civil Procedure § 425.16(b)(2) mandates that the court "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Anti-SLAPP motions are akin to summary judgment motions in which the state court must consider whether Plaintiff made a prima facie showing of facts which, if proved at trial, support a favorable judgment. Lam v. Ngo, 91 Cal.App.4th 832, 843 (Cal. App. 4d 2001).

    The Superior Court order granting Defendants' anti-SLAPP motion was a final determination of the rights of the parties based on the merits. Specifically, the Court found that (1) County established Plaintiffs' cause of action arose from activity protected by the First Amendment; (2) Plaintiffs failed to establish a probability of prevailing on their defamation and false imprisonment claims; (3) the statements allegedly made by the County employees were privileged under California Civil Code § 47(a) and (c); and (4) County had immunity for the conduct of its employees under California Government Code §§ 815.1, 820.2, 820.4, and 821.6. Those conclusions were based on evidence submitted by both parties. The Superior Court found that Plaintiffs did not submit sufficient evidence to rebut Defendants' evidence and the time for appeal of the state court's granting of the anti-SLAPP motion has expired. Accordingly, that judgment is final. People ex rel. Gow v. Mitchell Bros. Santa Ana Theater, 101 Cal.App.3d 296, 306 (Cal. App. 4d 1980). Since the Superior Court issued a final

///
///

judgment on the merits, Plaintiffs' case herein is barred by the doctrine of res judicata. Given that the Court is granting Defendants' Motion to Dismiss on res judicata grounds, the Court will not specifically address Defendants' collateral estoppels, qualified immunity and inapplicability of Civil Code Sections 51.7 and 52 arguments other than to note that the Court finds these arguments to be meritorious as well.

### III. ORDER

For the reasons set forth above,

Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: December 29, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE